IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JONATHAN T. LEE, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | |
| § | No. 3:13-cv-4598-BN |
| § | |
| CAROLYN W. COLVIN, § | |
| Acting Commissioner of Social Security, § | |
| § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jonathan T. Lee seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons explained below, the hearing decision is reversed.

**Background**

Plaintiff alleges that he is disabled as a result of depression, obsessive compulsive disorder ("OCD"), attention deficit hyperactivity disorder ("ADHD"), and Asperger syndrome. *See* Administrative Record, Dkt. No. 19 ("Tr.") at 67, 177. After his application for supplemental security income ("SSI") benefits was denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on January 19, 2012. *See id.* at 32-85. At the time of the hearing, Plaintiff was 26 years old. *See id.* at 52. He is a high school graduate who was in special education classes and received a certificate of completion, *see id.* at 40,

178, and has no past work experience, *see id.* at 25, 177. Plaintiff has not engaged in substantial gainful activity since April 2, 2011. *See id.* at 14.

The ALJ found that Plaintiff was not disabled and therefore not entitled to SSI benefits. *See id.* at 26-27. Although the medical evidence established that Plaintiff suffered from organic mental disorders, affective disorders, anxiety related disorders, and personality disorders, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. *See id.* at 14-15. The ALJ further determined that Plaintiff had the residual functional capacity to perform the full range of work with mental restrictions. Relying on the testimony of a vocational expert, the ALJ found that Plaintiff was capable of working as a laundry worker, hand packager, or dishwasher – jobs that exist in significant numbers in the national economy. *See id.* at 25-26. Given his age, education, and exertional capacity for work, the ALJ determined that Plaintiff was not disabled under the Medical-Vocational Guidelines. *See id.* at 26.

Plaintiff appealed that decision to the Appeals Council. The Council affirmed.

Plaintiff then filed this action in federal district court. *See* Dkt. No. 1. Plaintiff challenges the hearing decision on four general grounds: (1) the ALJ did not properly evaluate all of his severe impairments; (2) the ALJ improperly rejected the opinions of Plaintiff's treating and examining physicians; (3) the ALJ did not properly evaluate lay witness testimony in determining Plaintiff's residual functional capacity; and (4)

substantial evidence does not support the finding that Plaintiff can perform other work in the national economy. *See* Dkt. No. 15.

The Court determines that the hearing decision must be reversed and this case remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

**Legal Standards**

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo*. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to

engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id.* § 423(d)(1)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1. The hearing officer must ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must decide if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. The hearing officer must make this determination using only medical evidence.

4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his or her past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See* 20 C.F.R. § 404.1520(b)-(f); *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007) ("In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in

4

appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity."). The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id.* However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff,

5

*see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

## Analysis

Among the arguments Plaintiff makes is a single ground that compels remand – the ALJ failed to give the proper weight to the opinion of Plaintiff's treating physician, Aditya Sharma, M.D. *See* Dkt. No. 15-1 at 16-19.

"The opinion of the treating physician who is familiar with the claimant's impairments, treatments and responses, should be accorded great weight in determining disability." *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000). "A treating physician's opinion on the nature and severity of a patient's impairment will be given controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with ... other substantial evidence." *Id.* (internal quotations omitted). "The opinion of a specialist generally is accorded greater weight than that of a non-specialist." *Id.* (internal quotations omitted). But the ALJ is "free to reject the opinion of any physician when the evidence supports a contrary conclusion" when good cause is shown. *Id.* at 455-56 (internal quotations omitted). An

6

ALJ may show good cause "where the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence." *Id.* at 456; *accord Hernandez v. Barnhart*, 202 F. App'x 681, 682-83 (5th Cir. 2006) ("Additionally, this court has held that considerable weight can be given to the opinions of non-treating physicians, especially when the treating physician's evaluation is unsupported by the evidence. An ALJ can discount the weight of the opinions of treating physicians relative to the opinions of others if the treating physician's opinion and diagnosis is unsupported." (citing *Newton*, 209 F.3d at 456; *Leggett v. Chater*, 67 F.3d 558, 566 (5th Cir. 1995)).

Social security regulations provide that the Social Security Administration "will always give good reasons in [its] notice of determination or decision for the weight [it gives the claimant's] treating source's opinion" and list factors an ALJ must consider to assess the weight to be given to the opinion of a treating physician when the ALJ determines that it is not entitled to "controlling weight." 20 C.F.R. § 404.1527(d)(2). Specifically, this regulation requires consideration of: (1) the physician's length of treatment of the claimant; (2) the physician's frequency of examination; (3) the nature and extent of the treatment relationship; (4) the support of the physician's opinion afforded by the medical evidence of record; (5) the consistency of the opinion with the record as a whole; and (6) the specialization of the treating physician. *See* 20 C.F.R. § 404.1527(c). In *Newton*, the Fifth Circuit concluded that "an ALJ is required to consider each of the § 404.1527[(c)] factors before declining to give any weight to the opinions of the claimant's treating specialist." 209 F.3d at 456. But, in decisions

7

construing *Newton*, the Fifth Circuit has explained that "[t]he *Newton* court limited its holding to cases where the ALJ rejects the sole relevant medical opinion before it." *Qualls v. Astrue*, 339 F. App'x 461, 467 (5th Cir. 2009). Therefore, where there are competing opinions of examining physicians, the ALJ need not necessarily set forth his analysis of the Section 404.1527(c) factors when declining to give controlling weight to a treating physician. *Id.* at 466-67.

Plaintiff's treating physician, Dr. Sharma, opined in a medical source statement form dated January 13, 2012 that Plaintiff is not able to maintain employment. *See* Tr. at 395. Dr. Sharma stated that he sees Plaintiff for fifteen minutes every three months and concluded that Plaintiff was unable to do unskilled work because he had no useful ability to perform at a consistent pace without an unreasonable number and length of rest periods and that Plaintiff was unable to meet competitive standards in twelve other categories of abilities and aptitudes for job-related skills. *See id.* at 395-99. Dr. Sharma also estimated that Plaintiff's impairments would cause him to miss more than four days of work per month. *See id.* at 399.

The ALJ gave Dr. Sharma's opinion and conclusions little weight because Dr. Sharma's medical source statement (a mental RFC questionnaire) was conclusory. The ALJ acknowledged Dr. Sharma's opinions that Plaintiff has serious limitations or no useful ability to function in his abilities to perform unskilled work, was unable to meet competitive standards in the abilities needed to do semi-skilled and skilled work, has serious limitations or no useful ability to function in his abilities to perform particular

8

types of jobs, and would miss four or mor days of work per month due to his impairments. The ALJ explained that he gave Dr. Sharma's opinions little weight because Dr. Sharma's medical source statement was on a conclusory form and Dr. Sharma did not include any progress or treatment notes or cite any objective tests performed on Plaintiff to support or explain his opinions and conclusions, or state when he started treating Plaintiff, what treatment he had given Plaintiff, and the results of that treatment. *See id.* at 19-20, 23-24.

Plaintiff was examined by George R. Mount, PhD, who administered a MCM I-III test on January 16, 2012. *See* Tr. at 400-16. Dr. Mount concluded that Plaintiff would be seriously limited in, but not precluded from, performing unskilled, semiskilled, or skilled work or doing particular types of jobs and that his impairments would cause him to be absent from work more than four days a month. *See id.* at 413-15.

The ALJ gave Dr. Mount's opinion little weight because it was inconsistent with the record as a whole. *See id.* at 19, 23. In addition to noting the lack of supporting information to support his opinions and conclusions, the ALJ observed that the test that Dr. Mount administered does not provide a way to independently evaluate his interpretation on the structural and functional personality features specified on the test. Moreover, the ALJ noted that Dr. Mount himself acknowledges that Plaintiff's response style may indicate either a tendency to magnify illnesses and be self-pitying or indicate feelings of extreme vulnerability associated with the current episode of

9

acute turmoil and that, as a result, his test scores may be somewhat exaggerated. *See id.* at 19, 403.

Instead, the ALJ gave great weight to the opinions of the State Agency psychological consultants. *See id.* at 19, 24. State Agency Medical Consultant ("SAMC") Susan Posey, Psy. D., completed Psychiatric Review Technique and Mental Residual Functional Capacity Assessment forms on May 27, 2011. *See id.* at 364-80. Dr. Posey opined that Plaintiff is somewhat limited by depression but that the impact of his symptoms does not wholly compromise his ability to function independently, appropriately, and effectively on a sustained basis. *See id.* at 376. In the section titled " Functional Capacity Assessment," Dr. Posey concluded that Plaintiff "can understand, remember, and carry out only simple instructions, make simple decisions, attend and concentrate for extended periods, interact adequately with co-workers and supervisors and respond appropriately to changes in routine work setting." *Id.* at 380. SAMC Blaine Carr, Ph.D., affirmed Dr. Posey's assessment. *See id.* at 382.

The ALJ committed legal error by failing to consider the factors set forth in the Commissioner's regulations for evaluating treating physician opinions. The ALJ acknowledged the treating physician rule and the Section 404.1527 factors when explaining the weight he afforded each physician's opinions and conclusions. *See id.* at 19-25. The ALJ's decision noted the absence of some of the Section 404.1527 factors such as Dr. Sharma's medical source statement did not contain information about Dr. Sharma's length of treatment of Plaintiff, the nature and extent of Dr. Sharma's

10

treatment relationship with Plaintiff, and Dr. Sharma's area of specialization. *See id.* at 20. But the ALJ failed to discuss each of the § 416.927(c) factors, and the opinion of the only examining physician, Dr. Mount, was consistent with that of the treating physician, Dr. Sharma. The ALJ's mere citation to Section 416.927(c) and statement that Dr. Sharma's opinions and conclusions were not consistent with the objective medical and other evidence of record do not demonstrate an adequate consideration of the § 416.927(c)(2) factors.

And the error here is not harmless because, if the ALJ had given more weight to Dr. Sharma's opinion, he may have found Plaintiff disabled. Thus, Plaintiff has shown prejudice from the ALJ's failure to properly weigh Dr. Sharma's opinion.

The Court finds that the ALJ's legal error in considering the medical evidence will necessarily require reconsideration, not only of the medical evidence, but of the remaining issues.

## Conclusion

The hearing decision is reversed and this case is remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

DATED: November 14, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE